**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

CONSECO FINANCE SERVICING
CORP.,

      Plaintiff,

v.                        Civil Action No. CV-01-J-324-NW

THOMAS T. HUTCHESON
and MOUNTAINEER
HOMES, INC.,

      Defendants.

**ENTERED**

DEC 4 - 2001

### MEMORANDUM OPINION

This cause comes before this court on plaintiff's motion for summary judgment (doc. 11).  At issue is the amount of money that defendants owe plaintiff due to defendants' default on an Inventory Financing and Security Agreement that the parties entered into on May 22, 1997.

Plaintiff submitted evidentiary materials in support of its motion (docs. 11, 19), a memorandum of law, and a reply brief.  The defendants submitted a brief in opposition thereto with supporting evidentiary materials (doc. 15).[1]  The court has reviewed the pleadings, the motion, the memoranda of law, and the evidentiary submissions of the parties.

### Summary Judgment Standard

---

[1]Portions of the Affidavit of Thomas T. Hutcheson have been stricken by separate order (doc. 20)



Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also*

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson*, 477 U.S. at 248. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### Facts

The plaintiff is incorporated under the laws of Delaware with its principal place of business in Minnesota. Defendants are citizens of Alabama. On May 22, 1997, defendant Mountaineer Homes, Inc. ("Mountaineer") entered into an Inventory Financing and Security Agreement ("Agreement") with plaintiff. Plaintiff's Ex. A. The president of Mountaineer, defendant Thomas T. Hutcheson, entered into a personal Guaranty for

3

any and all debts owed by Mountaineer to Conseco on July 2, 1997.  Plaintiff's Ex. C.

Conseco perfected its security interest in the collateral on December 29, 1999.  Dodson

Aff. at ¶4; Plaintiff's Ex. B.  Defendants defaulted on the Agreement for nonpayment.

Dodson Aff. at ¶6.  The plaintiff then repossessed the collateral and informed plaintiff of

its intention to sell the collateral at a private sale.  Plaintiff's Ex. D.  On April 16, 2001,

the plaintiff held a private sale where it sold the collateral and recovered $114,385.33 in

net proceeds.  Dodson Aff. at ¶15.  Plaintiff applied the proceeds to the cost of the

auction and the debt pursuant to Section 7-9-504 of the Alabama Code of 1975.  Plaintiff

alleges that as of June 12, 2001, the defendants owe it $106,693.94 plus interest at the

rate of $24.17 per diem.  *Id.* at ¶19.

### Analysis

The defendants do not dispute that they are in debt to plaintiff.  Defendants'

answer at ¶¶10, 12.  The only issue in this case is the amount that defendants owe

plaintiff.  Defendants first contend that they should be allowed to conduct more discovery

in order to determine the amount they owe plaintiff.  Plaintiff, defendants argue, has not

submitted evidence sufficient to determine the proper amount.  Defendants seek the

shelter of Rule 56(f) of the Federal Rules of Civil Procedure.  Rule 56(f) permits the

court to "refuse the application for judgment or . . . order a continuance to permit

affidavits to be obtained or depositions to be taken or discovery to be had . . . ."  Fed. R.

Civ. Pro. 56(f).

The court disagrees with defendants; they have failed to diligently pursue

4

discovery despite the court having extended discovery deadlines previously.[2]  Where the non-moving party fails to diligently pursue discovery or fails to explain his inability to have obtained discovery, this court will not allow such party relief under Rule 56(f) of the Federal Rules of Civil Procedure.  *See Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Plaintiff filed its motion for summary judgment almost two and one-half months before the Submission Order was entered.  During said period of time, defendants were aware of the relief sought by plaintiff pursuant to said motion and could have conducted discovery.

Defendants state: "[T]he items of inventory that were the subject of the Writ of Seizure . . . were not sold until June . . . [U]ntil plaintiff completed this process and served the Defendants with its assessment of amounts due and owing, Defendants could not evaluate the demand."  Defendants' Brief at 2-3.  Plaintiff's motion *was filed* in June.  By its motion plaintiff made defendants aware of everything, to the cent, it was demanding of defendants.  Defendants claim ignorance of Dodson's identity on October 3, 2001 where they characterize him as "previously unknown and undisclosed."  Defendants' Brief at 3.  Had defendants read plaintiff's motion on June 20, to which Dodson's affidavit was attached, they would have ascertained his identity at least as early as June 20.  Defendants are not entitled to seek the protection of Rule 56(f) of the Federal

---

[2]The plaintiff filed its motion for summary judgment on June 20, 2001.  On September 5, 2001, the court ordered the defendants to submit their briefs and affidavits in opposition to the motion by September 26, 2001.  The court extended discovery further by granting defendants an extension of the above deadline until October 3, 2001, and even that filing was late as it was filed at **5:22 PM** in violations of this court's Submission Order of September 17, 2001 (doc. 12).

Rules of Civil Procedure under such circumstances.

Secondly, defendants argue that the deficiency calculated by Dodson is incorrect because the plaintiff erred in calculating the interest and the plaintiff charged illegal fees. Thirdly, defendants question the commercial reasonableness of the private sale. Defendants have failed to submit any admissible evidence supporting these arguments and contradicting Dodson's affidavit. Finally, defendants argue that the Cavalier home serial number 71327 should not have been on the floor plan. However, defendants did not oppose the repossession of said home at the hearing for the Motion for Writ of Seizure. Indeed, they voluntarily surrendered it for repossession, and have not disputed its inclusion into this lawsuit until this motion.

Defendants have failed to submit any admissible evidence that raises a genuine issue of material fact regarding the amount of the deficiency. The defendants have failed to present sufficient evidence that the sale of the collateral was commercially unreasonable. Therefore, Conseco's motion for summary judgment (doc. 11) is due to be **GRANTED**. Judgment shall be entered for Conseco in the amount of $95,693.94 plus interest at the rate of $24.17 per diem from June 12, 2001 to December 3, 2001, which is $4,205.58, plus $11,000 in attorney's fees, totaling $110,899.52.

**DONE** and **ORDERED** this the _4_ day of December, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE